AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| PAUL GREGORY WILES <br><br> *Petitioner* <br><br> v. <br><br> WARDEN, FCC COLEMAN CAMP <br><br> *Respondent* <br> *(name of warden or authorized person having custody of petitioner)* | ) ) ) ) ) ) ) ) ) <br><br> Case No. S: 23-Cv-601-KKM-PRL <br> *(Supplied by Clerk of Court)* |

FILED - USDC - FLMD - OCA
OCT 6 2023 AM11:01

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a)  Your full name:  PAUL GREGORY WILES
    (b)  Other names you have used:  GREG WILES
2.  Place of confinement:
    (a)  Name of institution:  FCC COLEMAN CAMP
    (b)  Address:  PO BOX 1027
        COLEMAN, FL 33521
    (c)  Your identification number:  55181-018
3.  Are you currently being held on orders by:
    ☑ Federal authorities        ☐ State authorities        ☐ Other - explain:

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
        (a)  Name and location of court that sentenced you:  MIDDLE DISTRICT OF FLORIDA, TAMPA

        (b)  Docket number of criminal case:  8:11-CR-00067
        (c)  Date of sentencing:  06/06/2012
    ☐ Being held on an immigration charge
    ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example,
    revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

   ❑ Pretrial detention

   ❑ Immigration detention

   ❑ Detainer

   ❑ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
      maximum or improperly calculated under the sentencing guidelines)

   ❑ Disciplinary proceedings

   ❑ Other *(explain)*:

6.   Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court:   FEDERAL BUREAU OF PRISONS

   (b) Docket number, case number, or opinion number:

   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

   (d) Date of the decision or action:

### Your Earlier Challenges of the Decision or Action

7.   **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?

   ☑ Yes      ❑ No

   (a) If "Yes," provide:

      (1) Name of the authority, agency, or court:   FEDERAL BUREAU OF PRISONS

      (2) Date of filing:   01/01/2023

      (3) Docket number, case number, or opinion number:

      (4) Result:   DENIed

      (5) Date of result:   01/20/2023

      (6) Issues raised:   IMPROPER DENIAL OF FAIR SENTENCING ACT CREDITS

   (b) If you answered "No," explain why you did not appeal:

8.   **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?

   ☑ Yes      ❑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court:   FEDERAL BUREAU OF PRISONS

        (2) Date of filing:   01/26/2023

        (3) Docket number, case number, or opinion number:

        (4) Result:   DENIED

        (5) Date of result:  03/14/2023

        (6) Issues raised:   IMPROPER DENIAL OF FAIR SENTENCING ACT CREDITS

    (b) If you answered "No," explain why you did not file a second appeal:

9.     **Third appeal**

    After the second appeal, did you file a third appeal to a higher authority, agency, or court?

    ☑Yes           ☐No

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court:   FEDERAL BUREAU OF PRISONS

        (2) Date of filing:   03/27/2023

        (3) Docket number, case number, or opinion number:

        (4) Result:   NO ANSWER

        (5) Date of result:  06/30/2023

        (6) Issues raised:   IMPROPER DENIAL OF FAIR SENTENCING ACT CREDITS

    (b) If you answered "No," explain why you did not file a third appeal:

10.     **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ☐Yes           ☑No

    If "Yes," answer the following:

    (a)     Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ☐ Yes           ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

                If "Yes," provide:

                (1)  Name of court: _____

                (2)  Case number: _____

                (3)  Date of filing: _____

                (4)  Result: _____

                (5)  Date of result: _____

                (6)  Issues raised: _____

_____

_____

_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

        ❏ Yes           ❏ No

        If "Yes," provide:

        (1)  Name of court: _____

        (2)  Case number: _____

        (3)  Date of filing: _____

        (4)  Result: _____

        (5)  Date of result: _____

        (6)  Issues raised: _____

_____

_____

_____

_____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

_____

11.   **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❏ Yes          ☑ No

        If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

        ❏ Yes           ❏ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

<div style="margin-left:2em">

If "Yes," provide:
(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: _____
_____
_____
_____
_____

(d)    Did you appeal the decision to the United States Court of Appeals?
☐ Yes            ☐ No
If "Yes," provide:
(1) Name of court: _____
(2) Date of filing: _____
(3) Case number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____
_____

</div>

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes            ☑ No

If "Yes," provide:
(a) Kind of petition, motion, or application: _____
(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____
(d) Docket number, case number, or opinion number: _____
(e) Result: _____
(f) Date of result: _____
(g) Issues raised: _____
_____
_____
_____
_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.     State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** IMPROPER DENIAL OF FAIR SENTENCING ACT CREDITS

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See attached memorandum in support for further details.

(b) Did you present Ground One in all appeals that were available to you?
☑ Yes                    ☐ No

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes                    ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes                    ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☐ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did
not:

<div align="center">

**Request for Relief**

</div>

15.  State exactly what you want the court to do:  Order the BOP to grant earned FSA credits.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _____          _____
                                                                    *Signature of Petitioner*

                                                          _____
                                                               *Signature of Attorney or other authorized person, if any*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

PAUL GREGORY WILES,

     Petitioner,

v.

WARDEN, FCC COLEMAN
CAMP,

     Respondent.

Civil No. 5:23-CV-_____
Criminal No. 8:11-CR-00067

**MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

### I.    INTRODUCTION

Paul Gregory Wiles files this memorandum in support of Habeas Corpus relief, pursuant to 28 U.S.C. § 2241, and sets forth the following reasons why the requested relief should be granted. First, he is not currently serving a sentence for a conviction that disqualifies him for relief. Second, the BOP's administrative process has no effect on a statutory remedy. Third, another statute renders the First Step Act (FSA) ambiguous, and the rule of lenity requires relief for Mr. Wiles.

### II.    PROCEDURAL HISTORY

### A. Criminal Proceedings

#### 1. The conviction and sentence

A grand jury indicted Mr. Wiles in 2011 for offenses that occurred in February 2009 and charged him with three counts: (1) Possession of a firearm by a felon (18 U.S.C. § 922(g); (2) Possession with intent to distribute a mixture containing a detectable amount of methamphetamine (21 U.S.C. § 841(a)); and (3) Possession of a firearm in furtherance of a drug offense (18 U.S.C. § 924(c)).

Mr. Wiles elected to plead guilty without a plea agreement and was sentenced to 15 years in prison for Counts 1 and 2, plus a mandatory consecutive five-year sentence for Count 3, for a total of 20 years. He appealed, and the Eleventh Circuit affirmed. *United States v. Wiles*, 563 F. App'x 692 (11th Cir. 2014).

#### 2. Postconviction Proceedings

In his first motion to vacate under 28 U.S.C. § 2255, Mr. Wiles successfully argued that counsel was ineffective for failing to file an appeal. His criminal judgment was vacated and reimposed to allow a timely appeal. Doc. 49. After his direct appeal, Mr. Wiles filed another § 2255 motion mainly attacking his Armed Career Criminal sentence. After this motion was denied, he was appointed counsel but was ultimately unsuccessful. Doc. 77.

Efforts in pursuit of compassionate release began during the pandemic in

August 2020, but this motion was denied. Doc. 97. Mr. Wiles has not sought any further relief from the courts since.

## B. Exhaustion of Administrative Remedies

On or about January 1, 2023, Mr. Wiles filed a BP-8 (informal administrative remedy) to the Unit Team requesting FSA credits since he is now serving his FSA-eligible sentences, after the completion of the non-eligible § 924(c) sentence. The BP-8 was denied.

Mr. Wiles then filed a timely BP-9 (formal administrative remedy) on January 12, 2023, and was denied on January 20, 2023. A BP-10 (regional administrative appeal) was filed on January 26, 2023, and was denied on March 14, 2023. A BP-11 (central administrative appeal) was filed on March 27, 2023. The Bureau of Prisons (BOP) Central Office has not responded to the BP-11. BOP policy states that a failure of staff to respond to a prisoner's administrative appeal constitutes a denial.[1]

Mr. Wiles has properly exhausted his administrative remedies without success.

---

[1] The full administrative remedy filings are attached as Exhibit 1.

### III.    ARGUMENT

### A. FIRST STEP ACT OF 2018 SIGNED INTO LAW

On December 21, 2018, the president signed the First Step Act into law, allowing federal prisoners to earn time credits for participation in evidence-based recidivism reduction (EBRR) programming. See 18 U.S.C. § 3632(4)(i)(ii). An eligible prisoner may earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activity. A prisoner determined by the Bureau of Prisons (BOP) to be at a minimum or low risk for recidivating, who, for the first risk assessment period, has not increased their risk or recidivism, shall earn an additional 5 days of time credit for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

Petitioner asserts that he is considered a Low risk of recidivism. Therefore, according to the law under the First Step Act (FSA), he is entitled to earn -ten (10) days for the first 6 months of FSA eligibility, then 15 days for every month served after serving those first six months of eligibility.

4

### B. Mr. Wiles is Now Eligible to Earn FSA Credits

The BOP has determined that Mr. Wiles is ineligible to earn *any* FSA credits, citing his conviction and sentence under § 924(c). The FSA expressly states that a "prisoner is ineligible to receive time credits under this paragraph [of the FSA] if the prisoner is serving a sentence for a conviction under any of the following provisions of law," listing § 924(c) as one of those convictions.[2]

However, Mr. Wiles was sentenced to concurrent terms of imprisonment for Count 1 (§ 922(g)) and Count 2 (§ 841), plus a *consecutive* five-year term for Count 3 (§ 924(c)). Counts 1 and 2, according to the FSA, are eligible offenses for Mr. Wiles to earn FSA credits. Mr. Wiles completed the five-year standalone § 924(c) sentence long ago, and he is currently serving the sentences for his FSA-eligible convictions.[3] That is, he is not currently serving a sentence that precludes him from earning FSA credits, and he is eligible for FSA credits under these counts.

But the BOP is refusing to award him FSA credits because its policy is that a prisoner's sentence is aggregated, and he is therefore always serving every sentence imposed at the same time until his release. This is wrong.

---

[2] 18 U.S.C. § 3632(d)(4)(D).

[3] *See, e.g., United States v. Briscoe*, 724 F. App'x 796, 798-99 (11th Cir. 2018) ("This Court has concluded in both the direct appeal context and the habeas context that a mandatory consecutive sentence under § 924(c) must be served before any other sentence for the companion crime of violence or drug trafficking offense').

### C. The BOP's Refusal to Award FSA Credits is Legally Wrong

Federal law permits the BOP to aggregate a prisoner's sentences, but only for "administrative purposes."[4] *See, e.g., Andrews v. Warden*, 958 F.3d 1072, 1079-80 (11th Cir. 2020) (discussing aggregating sentences for commutation purposes); *United States v. Gonzales*, 520 U.S. 1, 7-9 (1997) (citing § 3584(c)'s "administrative purposes" and concluding a court need not list the order in which the sentences must be served since the BOP aggregates them).

This means that the BOP may aggregate multiple sentences for the *administration* of a prison sentence, i.e., calculating good conduct time and release date. However, the Fair Sentencing Act is not merely an "administrative" function of the BOP, but a federal statute enacted by Congress, and the BOP's policy of aggregating sentences does not apply in the FSA context.

Indeed, the FSA statute's text says that only if a prisoner is currently serving a sentence for an excludable offense that prisoner is ineligible to earn FSA credits: "A prisoner is ineligible to receive time credits under this paragraph if the prisoner *is serving a sentence for a conviction* under any of the following provisions of law." § 3632(d)(4)(D) (emphasis added).

---

[4] § 3584(c) ("[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment").

As noted, the Eleventh Circuit has held numerous times that a § 924(c) sentence is served first. *See Briscoe* 724 F. App'x at 798-99 (reaching this conclusion after interpreting § 924(c) in light of § 3584(c)). This means that Mr. Wiles is not currently serving the § 924(c) sentence because he already completed it. He is now serving the sentences for Counts 1 and 2.

Courts have also held that § 3584(c)'s "administrative purpose" language only applies to the BOP's internal process of calculating a sentence, and not when it comes to statutory remedies. *United States v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018) (aggregation of sentences by the BOP for administrative purposes only applies to BOP's "administrative duties, such as computing inmates' credit for time served," but not for § 3582 purposes); *United States v. Parker*, 472 F. App'x 415, 417 (7th Cir. 2012) ("Parker's consecutive sentences were aggregated by the BOP for administrative purposes, but the sentences nevertheless remain distinct terms of imprisonment imposed for his separate convictions" for purposes of § 3582).

### D. The Language of the FSA is Ambiguous

While it may seem unambiguous on its face, the interplay with § 3584(c) actually renders § 3632(d)(4)(D) ambiguous. That is because § 3584(c)'s language permitting the BOP to aggregate a sentence for administrative purposes confuses things when it comes to which consecutive sentence a prisoner is serving.

Since the FSA is a statutory remedy created by Congress, the BOP's internal processes do not affect whether a prisoner is currently serving *vel non* a sentence for an ineligible offense under the FSA. It also does not make an ambiguous statute any clearer. A plain reading of § 3632(d)(4)(D) supports that a prisoner must be "serving a sentence for a conviction" listed under the excludable offenses. But because § 3584(c) says that the BOP can aggregate multiple sentences for "administrative purposes," this makes the FSA's language ambiguous, and the rule of lenity applies. The more favorable reading of the FSA then applies in Mr. Wiles's case, meaning he is currently serving a sentence for an FSA-eligible offense and is not serving a sentence for an ineligible offense. *See United States v. Bass,* 404 U.S. 336, 348 (1971) ("where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant").

8

## IV.    CONCLUSION

Mr. Wiles is currently serving a sentence for an FSA-eligible offense and is entitled to earn FSA credits. The BOP's internal process of administering sentences has no effect on a statutory remedy and, therefore, he is eligible to earn FSA credits. This Court has the authority to order the BOP to grant Mr. Wiles the FSA credits he has earned.

Respectfully Submitted,

Date: _10- 2 - 2 3_


Paul G. Wiles
Reg. No. 55181-018
FCC Coleman Camp
P.O. Box 1027
Coleman, FL 33521

9

## CERTIFICATE OF SERVICE

I affirm under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that a copy

of the foregoing was mailed to the U.S. Attorney's Office at 35 S.E. Avenue, Suite

300, Ocala, Florida 34471, on the date noted below.


Date: _10-2-23_

Paul G. Wiles
Reg. No. 55181-018
FCC Coleman Camp
P.O. Box 1027
Coleman, FL 33521

# EXHIBIT 1

U.S. Department of Justice
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

BP 9

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __WILES, PAUL G.__    __55181-018__    __F2__    __COLEMAN CAMP__
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.      UNIT      INSTITUTION

**Part A- INMATE REQUEST**

The First Step Act does not disqualify those who are charged with Methamphetamine so long as they are not a leader organizer. See 18 USC 3632(d). As such, because I was not found to be a leader Organizer, I qualify to receive time credits. Id. In addition, I have completed my consecutive 924(c) sentence and therefore am eligible to receive time credits on my drug and ACCA sentence. Notably, because 924(c) requires a consecutive sentence to the underlying drug charge, my sentences are not aggregated. It is also worth noting that the ~~statute and~~ Program Statement that the Bureau relies on with regards to an aggregated term of imprisonment predates the First Step Act and conflicts. Therefore the Program Statement does not have full force and effect. See 28 USC 2072.

__DATE 1-12-23__          SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Rcv'd
1/12/23

__DATE__          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**      CASE NUMBER __114832-F1__

         CASE NUMBER ____

**Part C- RECEIPT**

Return to: ____
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: ____

__DATE__          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN          BP-229(13)

U.S. Department of Justice

Federal Bureau of Prisons

BP-10

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __WILES, PAUL G.__ __55181-018__ __F2__ __COLEMAN Camp__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　　UNIT　　　INSTITUTION

**Part A - REASON FOR APPEAL**

The Warden misapprehends the First Step Act, but implicitly concedes that my other charges, 922(g) & 841(a), are eligible to earn time credits. So, to be clear, I am aware that I did not earn time credits for my 924(c) as prescribed by 18 U.S.C. 3632(d). However, reviewing 18 USC 3632(d) reveals that 922(g) & 841(a) are eligible to earn-time credits. And to eviscerate any argument that I have an aggregated sentence, my charge of 924(c) requires a consecutive sentence therefore any sentence that is consecutive cannot be aggregated. And should the Bureau rely on the aggregated sentence statute, its reliance will be misplaced because the First Step Act disqualifies the charge of conviction which does not fall within the ambit of administrative purposes.

__1-26-23__　　　　　　　　　　　　　　__[signature]__
DATE　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B - RESPONSE**

```
Received

FEB - 2 2023

REGIONAL COUNSEL'S OFFICE - SERO
BUREAU OF PRISONS
```

_____
DATE

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

_____
REGIONAL DIRECTOR

ORIGINAL: RETURN TO INMATE

CASE NUMBER: __1147832-R1__

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

SUBJECT: _____

_____　　　　　　　　　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL
DATE

USP LVN　　　　PRINTED ON RECYCLED PAPER

BP-230(13)
JUNE 2002

RECEIPT - ADMINISTRATIVE REMEDY

DATE: MARCH 21, 2023          BP-10 icrr

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTHEAST REGIONAL OFFICE

TO  : PAUL GREGORY WILES, 55181-018
      COLEMAN LOW FCI    UNT: 4 SCP    QTR: F05-214L

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID      : 1147832-R1
DATE RECEIVED  : FEBRUARY 2, 2023
RESPONSE DUE   : MARCH 4, 2023
SUBJECT 1      : OTHER SENTENCE COMPUTATION
SUBJECT 2      :

BP-10 Response

Regional Administrative Remedy Appeal No. 1147832-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted February 2, 2023, wherein you are appealing the Warden's response to your request regarding your eligibility for the First Step Act. As relief, you are requesting to have your First Step Act status changed from ineligible to eligible.

A review of your allegation determined the Warden's response adequately addressed the concerns raised in your Institutional Administrative Remedy. Your current conviction involving Possession of a Firearm in Furtherance of a Drug Trafficking Offense disqualifies you from meeting the criteria for release under the First Step Act. Inmates may not earn credits towards release for a current sentence for a disqualifying conviction as outlined in the First Step Act.

Please continue to work closely with Unit Team at your current facility in order to provide you with additional guidance regarding First Step Cares Act eligibility.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

3/14/23
Date

Regional Director, SERO

U.S. Department of Justice          BP-11          Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Wiles, Paul G__          # __55181-018__          __F-2__          __FCC Coleman CAMP__
            LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A—REASON FOR APPEAL:**   I file this BP-11 on the denial of my BP-10 from the Regional Office.
The Regional Office committed procedure error in not addressing my argument/defense that my
841/846 was eligible for FSA credits.  The Regional response only detailed that a 924(c) sentence
was not eligible for FSA credits & such sentence was listed on the FSA Ineligible list.  My
BP-10, clearly, states this fact on the 3rd & 4th line of my BP-10 argument.  The Region response
addressed an issue/argument outside of the scope of the true complaint.  Which I re-state here
again,..."I should be allowed FSA credits for my 841/846 drug sentence, now that I have com-
pleted my 924(c) sentence.  The Region failed to answer my true complaint, espeically where
I conceded to the fact that 924(c) was not eligible.  Region never addressed the argument of
an  841/846 drug sentence being eligible under the FSA statute, 3632(d)(4) & it's relation to
a completed 924(c) firearm sentence, where such 924(c) sentence has been completed.  BOP policy
& Federal Case Law establish that a 924(c) sentence will run consecutive  to an 841/846 sentence.
The 924(c) will run first, then the 841/846 will run second.  Any aggregation is for admini-
strative purposes only, so the BOP may calculate good time, nothing else.  See United States
v. Briscoe, 724 Fed. Appx. 796 (11th Cir. 2018), a 924(c) sentence will be served first, @ 5-
7.  Also, see U.S. v. Llewlyn, 879 F.3d 1291 (11th Cir.), any aggregation of an 924(c) & 841/846
sentence is administrative only; qt. Parker, 472 Fed. Appx @ 417 (concluding that consecutive
sentences may be aggregated for admin purpose but remain "distinct terms of imprisonment as
separate convictions.

____DATE____          March 27, 2023          ____SIGNATURE OF REQUESTER____

**Part B—RESPONSE**

APR 20 2023

____DATE____          GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE          CASE NUMBER: __1147832-R2__

**Part C—RECEIPT**          CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

DATE

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 13, 2023

*BP-11 Notice/RCPT*

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTHEAST REGIONAL OFFICE

TO  : PAUL GREGORY WILES, 55181-018
      COLEMAN LOW FCI   UNT: 4 SCP   QTR: F05-214L
      P.O. BOX 1021
      COLEMAN,  FL 33521


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1147832-R2     REGIONAL APPEAL
DATE RECEIVED   : APRIL 20, 2023
SUBJECT 1       : OTHER SENTENCE COMPUTATION
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,   REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.


NOTE: MR. WILES TIMELY RESUBMITTED HIS BP-11 TO THE CENTRAL OFFICE